**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **BRIAN PRICE,** | : | |
| **Plaintiff,** | : | |
| v. | : | Civil Action No. 09-2492 (FSH)(MAS) |
| **ERIC K. SHINSEKI,** | : | **OPINION AND ORDER** |
| **Defendants.** | : | |

**SHIPP, United States Magistrate Judge**

**OPINION**

This matter comes before the Court by way of Plaintiff Brian Price's ("Plaintiff") Application for Pro Bono Counsel. (Doc. No. 2.) In determining whether to appoint counsel, a court should consider, as a preliminary matter, whether the plaintiff's claim has some merit in fact and law. *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997). If the court determines that the plaintiff's claims have some merit, then the court should consider the following factors:

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses; and

(6) whether the plaintiff can obtain and afford counsel on his own behalf.

*Id.* at 458 (*citing Tabron v. Grace*, 6 F.3d 147, 155–56, 157 n.5 (3d Cir. 1993)). The list of factors identified in *Tabron* is not exhaustive, but rather serves as a "guidepost" for district courts. *Id.* Moreover, courts must "exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* (*citing Tabron*, 6 F.3d at 157.)

In this case, Plaintiff asserts that he was wrongfully terminated from the VA Hospital in East Orange, New Jersey. (Compl., Doc. No. 1.) Plaintiff claims that on July 22, 2008, he informed his supervisor that he was unable to work and would be having surgery. *Id.* Plaintiff sought a two-week leave from work. *Id.* Plaintiff's supervisor requested that Plaintiff submit a doctor's note because Plaintiff did not have enough leave to cover the time he would be away from work. *Id.* Despite submitting a letter, Plaintiff alleges that he received a letter informing him that he was terminated for being Absent Without Leave ("AWOL"). *Id.* Plaintiff requests reinstatement and $100,000 for pain and suffering. *Id.*

The application of the *Tabron* factors to the instant matter weighs against appointment of pro bono counsel at this time. It is apparent from Plaintiff's Complaint that he is able to articulate his legal claim, as well as the facts and circumstances surrounding his claim. In addition, Plaintiff was able to adequately prepare the pro bono counsel application. The legal issues also appear to be fairly straightforward. While some factual investigation may be necessary, it does not appear that Plaintiff is unable to conduct the investigation. Although the Court may have to make some credibility determinations, it does not appear that Plaintiff will need expert testimony at this juncture. Lastly, Plaintiff does not set forth any independent efforts made to obtain an attorney, whether on a contingency fee basis or otherwise. Moreover, Plaintiff does not appear to have taken any steps to

prosecute his case. In fact, he has not even demonstrated that he properly served the complaint on the Defendants.

Accordingly, for the foregoing reasons, Plaintiff's application for appointment of counsel is denied, without prejudice to Plaintiff raising the issue again should circumstances change.

## **ORDER**

IT IS ON THIS 16th day of April 2010,

ORDERED that Plaintiff Brian Price's Application for Pro Bono Counsel is denied without prejudice.

 s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**