**NOT FOR PUBLICATION**                                                                                      **CLOSED**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|                                                     |   |                                        |
|-----------------------------------------------------|---|----------------------------------------|
| BRIAN PRICE,                                        | : | Hon. Faith S. Hochberg, U.S.D.J.       |
|                    Plaintiff,                       | : | Civil Case No. 09-2492 (FSH) (MAH)     |
|                    v.                               | : | **OPINION & ORDER**                    |
| ERIC K. SHINSEKI, Secretary of the Department of Veterans Affairs, | : | Date: February 6, 2012 |
|                    Defendant.                       | : |                                        |

**HOCHBERG, District Judge;**

This matter comes before the Court upon Defendant Eric K. Shinseki's unopposed Motion for Summary Judgment filed pursuant to Fed. R. Civ. P. 56 and Local Civil Rule 56.1. The Court has considered Defendant's submission pursuant to Fed. R. Civ. P. 78.

## I.    BACKGROUND[1]

*Pro se* Plaintiff's very short and sparsely pled Complaint alleges that he was wrongfully terminated from a Veteran Affairs ("VA") hospital on November 1, 2008. The Complaint does not specifically allege that Plaintiff's termination violated any laws; however under a liberal reading of the Complaint the Court construes a possible claim of discrimination based on

---

[1] The facts set forth here are drawn from Defendant's Statement of Undisputed Material Facts ("Def's 56.1 Statement"). Since Plaintiff has failed to file opposition papers, the Court will treat all of the facts properly supported by Defendant as uncontroverted. *See Anchorage Assoc. v. Virgin Islands Bd. Of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990); *Longoria v. New Jersey*, 168 F. Supp. 2d 308, 312, n. 1 (D.N.J. 2001) (holding that where plaintiff had not submitted a Rule 56.1 statement, the court would treat the facts in the defendant's Rule 56.1 statement as admitted unless controverted in the plaintiff's briefs or contradicted by the evidence); *see also Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993); *Wienco, Inc. v. Katahn Assocs., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992).

disability. The Complaint alleges that on July 22, 2008, Plaintiff told his supervisor that he "couldn't continue work on [his] feet any longer," and that he would be having surgery. Plaintiff alleges that after missing work from July 23, 2008 through August 5, 2008, an absence for which he did not have sufficient leave to cover, he submitted a doctor's note. Plaintiff alleges that he was then terminated on November 1, 2008.

The undisputed facts establish that Plaintiff was employed as a Food Service Worker at the VA hospital in East Orange, NJ. After a series of infractions involving, *inter alia*, absence without leave ("AWOL"), Plaintiff was terminated on July 20, 2007. After appealing this termination to the Merit Systems Protection Board ("MSPB"), Plaintiff and the VA entered into an Abeyance Agreement on January 10, 2008 and Plaintiff withdrew his appeal. The Abeyance Agreement, also known as a "Last Chance Agreement," provided that the VA would hold Plaintiff's removal in abeyance for two years as long as Plaintiff complied with each and every term of that agreement. Pursuant to the Abeyance Agreement, Plaintiff, *inter alia*: (1) agreed to fully comply with all VA procedures concerning leave and show satisfactory conduct as determined by his supervisors; (2) agreed that he would comply with leave procedures without fail and that AWOL charges for any reason would constitute a violation of the agreement; (3) agreed that the VA could immediately terminate him if he is AWOL or violated any agency leave procedures; and (4) waived his rights to challenge his removal in the event that he was terminated and acknowledged that this waiver included his right to appeal his removal to the MSPB or pursue any legal action related to his removal before the Federal Labor Relations Authority ("FLRA"), Equal Opportunity Commission ("EEOC"), or any judicial body.

Plaintiff then violated the Abeyance Agreement by failing to come to work on July 25, August 1, August 2, August 3, and August 4, 2008 without requesting leave as required.

Plaintiff did not have sufficient accrued leave or sick time to cover this absence and was charged AWOL for these days.  Plaintiff returned to work on August 11, 2008 and submitted a request for leave without pay for those days along with a doctor's note dated August 7, 2011, which stated that Plaintiff was out of work from July 23, 2008 through August 5, 2008 due to chronic leg pain.  Plaintiff was actually incarcerated at the Essex County Correctional Facility from July 24, 2008 through August 4, 2008.  The VA doctor who wrote Plaintiff's note did not actually see him during the July 23, 2008 to August 4, 2008 timeframe, but wrote the note on August 7, 2008 because he "felt sorry for [Plaintiff] and thought [he] would help [Plaintiff] out."  The doctor was not aware that Plaintiff was actually incarcerated from July 24, 2008 through August 4, 2008.

Plaintiff's request for leave without pay for the period of his incarceration was denied and he was issued a Notice of Removal on October 15, 2008 as a result of violating the Abeyance Agreement.  Plaintiff's termination became effective on November 1, 2008.  In violation of the express terms of the Abeyance Agreement, Plaintiff then filed an Equal Employment Opportunity ("EEO") complaint with the VA Office of Resolution Management ("ORM") on January 26, 2009, alleging that the VA discriminated against him and violated his "doctor-patient" privilege by contacting his physician about the doctor's note.  On February 23, 2009, the ORM issued a Final Agency Decision ("FAD") dismissing Plaintiff's complaint, stating that any allegation of discrimination must be brought before the MSPB.  Plaintiff then filed the instant action on May 22, 2009.  Defendant has moved for summary judgment.

## II. **STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, "[s]ummary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party." *Miller v. Ind. Hosp.*, 843 F.2d 139, 143 (3d Cir. 1988). All facts and inferences must be construed in the light most favorable to the non-moving party. *Peters v. Del. River Port Auth.*, 16 F.3d 1346, 1349 (3d Cir. 1994). The judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. "Consequently, the court must ask whether, on the summary judgment record, reasonable jurors could find facts that demonstrated, by a preponderance of the evidence, that the nonmoving party is entitled to a verdict." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 860 (3d Cir. 1990).

The party seeking summary judgment always bears the initial burden of production. *Celotex*, 477 U.S. at 323. This burden requires the moving party to establish either that there is no genuine issue of material fact and that the moving party must prevail as a matter of law, or to demonstrate that the nonmoving party has not shown the requisite facts relating to an essential element of an issue on which it bears the burden. *Id.* at 322-23. This burden can be "discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Once the party seeking summary judgment has carried this initial burden, the burden shifts to the nonmoving party.

To avoid summary judgment, the nonmoving party must then demonstrate facts supporting each element for which it bears the burden, thus establishing the existence of a "genuine issue of material fact" justifying trial. *Miller*, 843 F.2d at 143; *accord Celotex*, 477 U.S. at 324. The nonmoving party "must do more than simply show that there is some

metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id*. at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). Further, summary judgment may be granted if the nonmoving party's "evidence is merely colorable or is not significantly probative." *Anderson*, 477 U.S. at 249-50.

## III. DISCUSSION

When Plaintiff signed the Abeyance Agreement, he expressly and knowingly waived his "right to . . . bring an action against the [VA], its employees or its agents in any forum and before any administrative or judicial body involving issues related to his removal." Def's 56.1 Statement ¶ 7; Ex. B. Accordingly, Plaintiff waived his right to bring this action against Defendant and Defendant's motion for summary judgment will be granted. To the extent that Plaintiff had a claim that the VA violated the Abeyance Agreement or for discrimination associated with his removal, he was required to bring such claims before the MSPB.[2]

Even if Plaintiff had not waived his right to bring this action, the Court would still grant Defendant's summary judgment motion. First, to the extent that the Complaint can be construed to state a claim for disability discrimination under the Rehabilitation Act, 29 U.S.C. § 791 *et seq*., Plaintiff has failed to exhaust his administrative remedies. *See Spence v. Straw*, 54 F.3d 196, 201 (3d Cir. 1995) (holding that a plaintiff bringing a claim under the Rehabilitation Act

---

[2] In addition to waiving his right to bring the instant action in this Court, Plaintiff waived his right to appeal his removal to the MSPB. Therefore, his only recourse was to return to the MSPB seeking to enforce the Abeyance Agreement based on a claim that the VA violated that agreement. As the ORM pointed out in its dismissal of Plaintiff's EEO complaint, the allegations made by plaintiff "are inextricably intertwined with [his] removal." *Id.*, Ex. S. Pursuant to 29 C.F.R. § 1614.302, the MSPB has jurisdiction to hear "mixed cases" involving claims of discrimination associated with termination.

against a government agency for discrimination based on disability must first exhaust Title VII remedies).  When Plaintiff challenged his initial removal before the MSPB and signed the Abeyance Agreement during that proceeding, he made that his forum of choice and was required to return to the MSPB with any claims for enforcement of the Abeyance Agreement.

Second, Plaintiff's disability discrimination fails because even if he satisfies his burden to state a *prima facie* case of discrimination, Defendant has clearly articulated a legitimate, nondiscriminatory reason for his termination.  The *McDonnell Douglas* burden shifting paradigm applies to claims for disability discrimination under the Rehabilitation Act.  *See Wishkin v. Potter*, 476 F.3d 180, 185 (3d Cir. 2007).  Therefore, since Defendant has clearly established that Plaintiff was terminated after violating the terms of his Abeyance Agreement, and Plaintiff has failed to demonstrate that this legitimate reason was a pretext for discrimination, the discrimination claim fails.  *See Jalil v. Avdel Corp.*, 873 F.2d 701, 707 (3d Cir. 1989) (summary judgment for defendant is proper where plaintiff cannot produce sufficient evidence of pretext to rebut the proffered nondiscriminatory reason for termination).

## IV.   CONCLUSION

For the reasons set forth in this opinion, **IT IS** on this 6th day of February, 2012,

**ORDERED** that Defendant's motion for summary judgment [docket # 47] is **GRANTED**; and it is further

**ORDERED** that this case is **CLOSED**.

    /s/ Faith S. Hochberg_____
    Hon. Faith S. Hochberg, U.S.D.J.